UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

JOSEPH DAIGLE                          CIVIL ACTION NO. 5:13-cv-2290
     LA. DOC #538044
VS.                                    SECTION P

                                       JUDGE S. MAURICE HICKS

JERRY W. GOODWIN, ET AL.          MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Joseph Daigle, proceeding *in forma pauperis*, filed the instant civil rights

complaint pursuant to 42 U.S.C. §1983 on July 11, 2013.  Plaintiff is an inmate in the custody of

Louisiana's Department of Corrections (DOC). He is incarcerated at the David Wade Corrections

Center (DWCC) and he complains that he received inadequate medical care for an injury he

sustained on December 31, 2012. He sued Warden Goodwin and Nurse Paula Millwee seeking

compensatory damages. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the Court. For the following reasons it is recommended that the complaint be **DISMISSED**

**WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

Plaintiff, a DOC inmate housed at DWCC slipped fell on December 31, 2012. The fall

caused a 2 cm laceration above his left eye.  Plaintiff requested an emergency sick-call and was

examined by Nurse Paula Millwee who concluded that the injury was not an emergency.

According to plaintiff, Millwee failed to turn in plaintiff's medical sheet, and therefore he was

not thereafter examined by a nurse or physician.  Plaintiff faults Millwee for her medical

malpractice and he faults Warden Goodwin because although he was advised of the situation "...

nothing was done about it or said."

## Law and Analysis

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner

seeking redress from an officer or employee of a governmental entity, his  complaint is subject to

preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80

(5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also

subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based

on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon

which relief may be granted when it fails to plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009).

### 2. Medical Care

Plaintiff is an inmate in the custody of the LDOC. He complains that he was denied

prompt and adequate medical care for a 2 cm laceration that occurred on December 31, 2012.

The constitutional right of a convicted prisoner to prompt and adequate medical care is based

upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants  identified in his pleadings.  To the extent that the defendants' choices establish negligence or even malpractice as alleged by plaintiff, plaintiff still fails to state a claim since deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifference standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it.  In other words, a civil rights  plaintiff must allege and prove

3

that each of the  defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed</u>, <u>and that they drew that inference</u>. *Id.* at 837.

Plaintiff does not provide the details of what occurred after December 31, 2012.  He does not allege whether he was subsequently treated by another health care professional, or whether he sustained any long term medical problems as a result of the defendants' alleged malpractice. In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate that the deliberate indifference resulted in substantial harm.  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).  Other than the existence of a relatively small laceration, he has not identified any "substantial harm" that has befallen him as a result of the defendants' treatment choices.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

4

(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, August 13, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

5